```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCISCO MALDONADO, et al.,            :

                Plaintiffs,             :

        -against-                       :

ZENLIGHTEN LLC, et al.,                 :

                Defendants.             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08

**SCHEDULING ORDER**
07 Civ. 10462 (SAS)

Conference Date:
January 9, 2008

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on December 5, 2007 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1) Date of Conference:        January 9, 2008

    Appearing for Plaintiffs:   WASHINGTON SQUARE LEGAL SERVICES, INC.
                                Haeyoung Yoon, Esq. (HY-8962)
                                Nancy Morawetz, Esq. (NM-1193) ✓
                                Amanda Klasing, Legal Intern ✓
                                Anjali Bhargava, Legal Intern

                                URBAN JUSTICE CENTER
                                Molly Biklen, Esq. (MB-3491)

    Appearing for Defendants:   FOX ROTHSCHILD LLP
                                Carolyn D. Richmond, Esq. (CF-0993)
                                Donia Sawwan, Esq. (DS-9338) ✓
                                Eli Z. Freedberg, Esq. (EF-6854) ✓

(2) a concise statement of the issues as they then appear;

Plaintiffs Francisco Maldonado and Ricardo Narcizo (collectively "Plaintiffs") filed the instant Complaint against Defendants Zenlighten LLC d.b.a. Gobo, Healthy Village LLC d.b.a. Gobo, Dharadhara LLC d.b.a. Gobo, Darryn Wu, David Wu, Yuki Chen, Tieh Jyh Wu, and "Chef José" (collectively "Defendants") on or about November

- 1 -

20, 2007 alleging violations for minimum wage and overtime compensation under the Fair Labor Standards Act; violations for minimum wage, overtime, and spread-of-hours compensation under New York State Labor Law; violations of the Family Medical Leave Act; and for damages under the doctrines of unjust enrichment, quantum meruit, and conversion of personal property in the common law of New York.

Defendants deny these allegations and deny engaging in any wrongful conduct.

(3) a schedule including:

    (a) the names of persons to be deposed and a schedule of planned depositions;

Plaintiffs intend to depose individual defendants Darryn Wu, David Wu, Yuki Chen, Tieh Jyh Wu, and "Chef José," and designated representatives of corporate defendants Zenlighten LLC, Healthy Village LLC, and Dharadhara LLC pursuant to Fed. R. Civ. P. 30(b)(6).

Defendants intend to depose Plaintiffs Francisco Maldonado and Ricardo Narcizo following receipt of complete responses from Plaintiffs to Defendants' written discovery requests. Contingent upon Plaintiffs' responses to Defendants' written discovery requests, Defendants may need to depose additional fact witnesses. In addition, Defendants will depose Plaintiffs' expert witnesses, if any (see below).

Parties may depose third party witness whose identities are unknown at this stage of the proceedings.

*Plaintiffs propose:*

All depositions to be completed by **June 6, 2008**.

*Defendants propose:*

All depositions to be completed by **August 1, 2008**.

    (b) a schedule for the production of documents;

Interrogatories and Requests for Production of Documents to be served by both parties by no later than **March 1, 2008**. Responses to Interrogatories and Documents Requests will be due **thirty (30) days** after their receipt. The parties may be amenable to reasonable extensions of time to respond to discovery requests.

    (c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

Plaintiffs will provide the name of its expert(s) by **April 3, 2008** and in addition, will

produce any expert reports by **June 2, 2008**, with depositions of those experts to be taken and completed within

> *Plaintiffs propose:* **thirty (30) days**
> *Defendants propose:* **forty-five (45) days**

of receipt of report.

All responding expert reports shall be delivered by **July 15, 2008**, with depositions of those experts to be taken and completed within:

> *Plaintiffs propose:* **thirty (30) days**
> *Defendants propose:* **forty-five (45) days**

of receipt of report.

(d)    time when discovery is to be completed;

> *Plaintiffs propose:* **August 22, 2008**
>
> *Defendants propose:* **September 30, 2008**

All dispositive motions shall be served within **forty (45) days** from the close of discovery.

(e)    the date by which plaintiff will supply its pre-trial order matters to defendant;

**One month from the close of discovery.**

> *Plaintiffs propose:* **September 22, 2008**
>
> *Defendants propose:* **October 30, 2008**

(f)    the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

> *Plaintiffs propose:* **October 13, 2008**
>
> *Defendants propose:* **December 30, 2008**

(g)  a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

A Final Pre-Trial Conference pursuant to Fed. R. Civ. P. 16(d) will be held on _June 18 at 4:30_

(4)  a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

Plaintiffs intend to move for a protective order prohibiting inquiry into the immigration status of individual Plaintiffs pursuant to Fed. R. Civ. P. 26(c)(1).

Defendants intend to move for a protective order regarding all confidential, propriety business information.

(5)  a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

Counsel, after a good faith effort, were unable to reach an agreement on: the date by which depositions will be completed, the date by which depositions of experts will be taken and completed, the date by which discovery is to be completed, and the date by which the parties will submit a pre-trial order.

(6)  anticipated fields of expert testimony, if any;

Plaintiffs anticipate introducing expert testimony to support their claims under the doctrine of quantum meruit and under the Family Medical Leave Act.

Defendants reserve the right to introduce expert testimony in response to Plaintiffs' expert testimony.

(7)  anticipated length of trial and whether to court or jury;

Parties anticipate a trial before the Court lasting approximately 4-5 days.

(8)  a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

The parties agree that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the Conference or when justice so requires.

(9)  names, addresses, phone numbers, and signatures of counsel.

WASHINGTON SQUARE LEGAL SERVICES, INC.
Nancy Morawetz, Esq. (NM-1193)
Haeyoung Yoon, Esq. (HY-8962)
Anjali Bhargava, Legal Intern
Amanda Klasing, Legal Intern
245 Sullivan Street, 5th Floor
New York, NY 10012
Tel: 212-998-6430
Fax: 212-995-4031

*Attorneys for Plaintiffs*

URBAN JUSTICE CENTER
Molly Biklen, Esq. (MB-3491)
123 William Street, 16th Floor
New York, NY 10038
Tel: 646-459-3008
Fax: 212-533-4598

FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq. (CR-0993)
Donia Sawwan, Esq. (DS-9338)
Eli Z. Freedberg, Esq. (EF-6854)
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940

*Attorneys for Defendants*

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

1/9/08

(g) Performance of immigration officer functions by state officers and employees

**(1)** Notwithstanding section 1342 of Title 31, the Attorney General may enter into a written agreement with a State, or any political subdivision of a State, pursuant to which an officer or employee of the State or subdivision, who is determined by the Attorney General to be qualified to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States (including the transportation of such aliens across State lines to detention centers), may carry out such function at the expense of the State or political subdivision and to the extent consistent with State and local law.

**(2)** An agreement under this subsection shall require that an officer or employee of a State or political subdivision of a State performing a function under the agreement shall have knowledge of, and adhere to, Federal law relating to the function, and shall contain a written certification that the officers or employees performing the function under the agreement have received adequate training regarding the enforcement of relevant Federal immigration laws.

**(3)** In performing a function under this subsection, an officer or employee of a State or political subdivision of a State shall be subject to the direction and supervision of the Attorney General.

**(4)** In performing a function under this subsection, an officer or employee of a State or political subdivision of a State may use Federal property or facilities, as provided in a written agreement between the Attorney General and the State or subdivision.

**(5)** With respect to each officer or employee of a State or political subdivision who is authorized to perform a function under this subsection, the specific powers and duties that may be, or are required to be, exercised or performed by the individual, the duration of the authority of the individual, and the position of the agency of the Attorney General who is required to supervise and direct the individual, shall be set forth in a written agreement between the Attorney General and the State or political subdivision.

**(6)** The Attorney General may not accept a service under this subsection if the service will be used to displace any Federal employee.

**(7)** Except as provided in paragraph (8), an officer or employee of a State or political subdivision of a State performing functions under this subsection shall not be treated as a Federal employee for any purpose other than for purposes of chapter 81 of Title 5 (relating to compensation for injury) and sections 2671 through 2680 of Title 28 (relating to tort claims).

**(8)** An officer or employee of a State or political subdivision of a State acting under color of authority under this subsection, or any agreement entered into under this subsection, shall be considered to be acting under color of Federal authority for purposes of determining the liability, and immunity from suit, of the officer or employee in a civil action brought under Federal or State law.

**(9)** Nothing in this subsection shall be construed to require any State or political subdivision of a State to enter into an agreement with the Attorney General under this subsection.

**(10)** Nothing in this subsection shall be construed to require an agreement under this subsection in order for any officer or employee of a State or political subdivision of a State--