FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq. (CR-0993)
Donia Sawwan, Esq. (DS-9338)
Eli Z. Freedberg, Esq. (EF-6854)
100 Park Avenue, Suite 1500
New York, NY 10017
Phone: (212) 878-7900

Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO MALDONADO and
RICARDO NARCIZO,

               Plaintiffs,

         -against-

ZENLIGHTEN, LLC d.b.a. GOBO;
HEALTHY VILLAGE LLC d.b.a. GOBO;
DHARADHARA LLC d.b.a. GOBO;
DARRYN WU; DAVID WU; YUKI CHEN;
TIEH JYH WU; and "CHEF JOSE,"

               Defendants.

**07-CV-10462(SAS)**

ECF CASE

---

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

      Defendants ZENLIGHTEN, LLC d/b/a Gobo ("Zenlighten"); HEALTHY VILLAGE LLC

("Healthy Village") d/b/a Gobo; DHARADHARA LLC d/b/a Gobo ("Dharadhara"); DARRYN

WU; DAVID WU; YUKI CHEN; TIEH JYH WU; and SHAO FENG TANG (incorrectly pled as

"CHEF JOSE") (collectively "Defendants"), by their attorneys, Fox Rothschild LLP, hereby

answer the Complaint of plaintiffs FRANCISCO MALDONADO ("Maldonado") and

RICARDO NARCIZO ("Narcizo") (collectively "Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

## PRELIMINARY STATEMENT

1.    In response to paragraph 1 of the Complaint, Defendants deny the allegations as conclusions of law. To the extent that paragraph 1 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

2.    In response to paragraph 2 of the Complaint, Defendants deny the allegations as conclusions of law. To the extent that paragraph 2 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

3.    In response to paragraph 3 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for alleged violations of the Fair Labor Standards Act ("FLSA"), the Family Medical Leave Act, New York State's Labor Laws, and New York State's common law. Defendants deny the substantive allegations of the Complaint and do not waive the right to challenge those allegations in this Court.

## JURISDICTION & VENUE

4.    In response to paragraph 4 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over claims arising under 29 U.S.C. §§ 216(b) and 2617(a). To the extent that paragraph 4 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

5.    In response to paragraph 5 of the Complaint, Defendants admit that venue is proper, that Zenlighten, Healthy Village and Dharadhara, conduct business in this District, and have their

principal executive offices in this District. Defendants deny the remaining allegations in paragraph 5 of the Complaint as conclusions of law and to the extent that paragraph 5 of the Complaint contains any additional factual allegations, Defendants deny the same and demand strict proof thereof.

## **PARTIES**

### Plaintiffs

6.    In response to paragraph 6 of the Complaint, Defendants deny the allegations, except admit that Plaintiff Maldonado worked at Gobo's West Village location located at 401 Avenue of the Americas, New York, NY 10014.

7.    In response to paragraph 7 of the Complaint, Defendants deny the allegations, except admit that Plaintiff Narcizo worked as a food preparation worker at Gobo's West Village location located at 401 Avenue of the Americas, New York, NY 10014.

8.    In response to paragraph 8 of the Complaint, no response is required as the paragraph avers conclusions of law. To the extent that paragraph 8 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

### Defendants

9.    In response to paragraph 9 of the Complaint, Defendants admit the allegations.

10.    In response to paragraph 10 of the Complaint, Defendants admit the allegations.

11.    In response to paragraph 11 of the Complaint, Defendants admit the allegations.

12.    In response to paragraph 12 of the Complaint, Defendants admit the allegations.

13.    In response to paragraph 13 of the Complaint, Defendants deny the allegations, except admit that Defendant Darryn Wu is educated and that at all relevant times owned a percentage of Gobo.

14.    In response to paragraph 14 of the Complaint, Defendants deny the allegations, except admit that Defendant David Wu is educated and that at all relevant times owned a percentage of Gobo.

15.    In response to paragraph 15 of the Complaint, Defendants deny the allegations, except admit that Darryn Wu and David Wu are brothers, and at all relevant times owned a percentage of Gobo.

16.    In response to paragraph 16 of the Complaint, Defendants deny the allegations, except admit that Defendant Yuki Chen is an experienced chef.

17.    In response to paragraph 17 of the Complaint, Defendants deny the allegations.

18.    In response to paragraph 18 of the Complaint, Defendants admit the allegations.

19.    In response to paragraph 19 of the Complaint, Defendants deny the allegations.

20.    In response to paragraph 20 of the Complaint, no response is required as the paragraph avers conclusions of law.  To the extent that paragraph 20 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

21.    In response to paragraph 21 of the Complaint, Defendants admit the allegations.

22.    In response to paragraph 22 of the Complaint, Defendants admit the allegations.

23.    In response to paragraph 23 of the Complaint, no response is required as the paragraph avers conclusions of law.  To the extent that paragraph 23 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

24.    In response to paragraph 24 of the Complaint, no response is required as the paragraph avers conclusions of law.  To the extent that paragraph 24 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

## STATEMENT OF FACTS

### Plaintiffs

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and, therefore, demand strict proof thereof.

26.    In response to paragraph 26 of the Complaint, Defendants admit the allegations.

27.    In response to paragraph 27 of the Complaint, Defendants admit the allegations and further state that the kitchen is styled as a "modern country kitchen."

28.    In response to paragraph 28 of the Complaint, Defendants deny the allegations, except admit that Plaintiff Maldonado worked on a cooking line which prepared small dishes, and fried items on the Gobo menu.

29.    In response to paragraph 29 of the Complaint, Defendants deny the allegations.

30.    In response to paragraph 30 of the Complaint, Defendants deny the allegations.

31.    In response to paragraph 31 of the Complaint, Defendants admit the allegations.

32.    In response to paragraph 32 of the Complaint, Defendants deny the allegations.

33.    In response to paragraph 33 of the Complaint, Defendants admit the allegations.

### Gobo Restaurant

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and, therefore, demand strict proof thereof.

35.    In response to paragraph 35 of the Complaint, Defendants admit the allegations.

36.    In response to paragraph 36 of the Complaint, Defendants admit the allegations.

37.    In response to paragraph 37 of the Complaint, Defendants admit the allegations.

38.   In response to paragraph 38 of the Complaint, Defendants deny the allegations, except admit
      that, in 2004 *The New York Sun* reported that Defendant Yuki Chen advised Defendants
      David Wu and Darryn Wu: "Don't open a restaurant just to make money. You can open any
      restaurant and do that. Be kind and compassionate by teaching people about the vegetarian
      lifestyle."

39.   In response to paragraph 39 of the Complaint, Defendants admit the allegations.

40.   In response to paragraph 40 of the Complaint, Defendants admit the allegations.

41.   In response to paragraph 41 of the Complaint, Defendants deny the allegations, except to
      admit that in addition to owning a percentage of Gobo, Defendants David Wu, Darryn Wu
      and Tang also owned a percentage of Zen Palate establishments in the New York City area.

42.   In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43.   In response to paragraph 43 of the Complaint, Defendants deny that the machines located in
      the basement are "industrial," but admit the remainder of the allegations contained in
      paragraph 43.

44.   In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the
      allegations contained in paragraph 45 of the Complaint, and, therefore, deny the same and
      demand strict proof thereof.

                              Mr. Maldonado's Labor and Wages

46.   In response to paragraph 46 of the Complaint, Defendants deny the allegations, except admit
      that Maldonado began work at Gobo 's West Village location on or around December 5,
      2002.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

50.    In response to paragraph 50 of the Complaint, Defendants deny the allegations, except admit that before the restaurant opened for business on a typical work day, Maldonado prepared the vegetarian fillings that went into the dumplings, wontons and spring rolls .

51.    In response to paragraph 51 of the Complaint, Defendants admit the allegations.

52.    In response to paragraph 52 of the Complaint, Defendants deny the allegations.

53.    In response to paragraph 53 of the Complaint, Defendants deny the allegations, except admit that Maldonado worked in Gobo's open kitchen where he produced small dishes and fried items from the Gobo menu.

54.    In response to paragraph 54 of the Complaint, Defendants deny the allegations, except admit that Maldonado prepared "quick bites" from the Gobo menu such as sesame rolls and scallion pancakes.

55.    In response to paragraph 55 of the Complaint, Defendants admit the allegations, except further state that the review was for Gobo's Upper East Side location located at 1426 Third Avenue, NY, NY 10028 where neither plaintiff worked at any time.

56.   In response to paragraph 56 of the Complaint, Defendants deny the allegations, except state that in addition to small plates, the line on which Maldonado worked also prepared items that formed components of larger dishes.  Defendants further state that some of the soups and entrees on the Gobo menu include wontons or other items that were prepared by Gobo employees who worked on the same line as Maldonado.

57.   In response to paragraph 57 of the Complaint, Defendants admit the allegations.

58.   In response to paragraph 58 of the Complaint, Defendants admit the allegations.

59.   In response to paragraph 59 of the Complaint, Defendants deny the allegations.

60.   In response to paragraph 60 of the Complaint, Defendants deny the allegations.

61.   In response to paragraph 61 of the Complaint, Defendants deny the allegations.

62.   In response to paragraph 62 of the Complaint, Defendants deny the allegations.

63.   In response to paragraph 63 of the Complaint, Defendants deny the allegations.

64.   In response to paragraph 64 of the Complaint, Defendants deny the allegations.

65.   In response to paragraph 65 of the Complaint, Defendants deny the allegations.

66.   In response to paragraph 66 of the Complaint, Defendants deny the allegations, except admit that in or around September 2003, Maldonado's payment schedule changed to payment on the 15th day and the last day of every month.

67.   In response to paragraph 67 of the Complaint, Defendants deny the allegations.

68.   In response to paragraph 68 of the Complaint, Defendants deny the allegations.

69.   In response to paragraph 69 of the Complaint, Defendants deny the allegations.

<u>Mr. Narcizo's Labor and Wages</u>

70.   In response to paragraph 70 of the Complaint, Defendants deny the allegations.

71.    In response to paragraph 71, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

72.    In response to paragraph 72, Defendants deny the allegations, except admit that Narcizo stocked vegetables and other food items in the Gobo basement.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

73.    In response to paragraph 73 of the Complaint, Defendants admit the allegations.

74.    In response to paragraph 74 of the Complaint, Defendants deny the allegations.

75.    In response to paragraph 75 of the Complaint, Defendants deny the allegation that Narcizo used "industrial" machines located in the basement, but admit the remainder of the allegations contained in paragraph 75.

76.    In response to paragraph 76 of the Complaint, Defendants deny the allegations.

77.    In response to paragraph 77 of the Complaint, Defendants deny the allegations.

78.    In response to paragraph 78 of the Complaint, Defendants admit the allegations.

79.    In response to paragraph 79 of the Complaint, Defendants deny the allegations.

80.    In response to paragraph 80 of the Complaint, Defendants deny the allegations.

81.    In response to paragraph 81 of the Complaint, Defendants deny the allegations.

82.    In response to paragraph 82 of the Complaint, Defendants deny the allegations.

83.    In response to paragraph 83 of the Complaint, Defendants deny the allegations.

84.     In response to paragraph 84 of the Complaint, Defendants deny the allegations, and further

        state that in or around 2005, in response to a request by Narcizo, one or more of the

        Individual Defendants loaned Narcizo money to pay for medical expenses.

85.     In response to paragraph 85 of the Complaint, Defendants deny the allegations.

86.     In response to paragraph 86 of the Complaint, Defendants deny the allegations, except admit

        that in or around April 2006, a change was implemented in schedules of employees at Gobo's

        West Village location and that Narcizo's work hours were reduced to approximately eight (8)

        hours per day.

87.     In response to paragraph 87 of the Complaint, Defendants lack knowledge or information

        sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the

        Complaint, and, therefore, deny the same and demand strict proof thereof.

88.     In response to paragraph 88 of the Complaint, Defendants deny the allegations.

89.     In response to paragraph 89 of the Complaint, no response is required as the paragraph avers

        conclusions of law.  To the extent that paragraph 89 of the Complaint contains factual

        allegations, Defendants deny the same and demand strict proof thereof.

90.     In response to paragraph 90 of the Complaint, no response is required as the paragraph avers

        conclusions of law.

91.     In response to paragraph 91 of the Complaint, Defendants deny the allegations.

92.     In response to paragraph 92 of the Complaint, no response is required as the paragraph avers

        conclusions of law.

93.     In response to paragraph 93 of the Complaint, Defendants deny the allegations.

94.     In response to paragraph 94 of the Complaint, Defendants deny the allegations.

95.    In response to paragraph 95 of the Complaint, no response is required as the paragraph avers conclusions of law.

96.    In response to paragraph 96 of the Complaint, Defendants deny the allegations.

97.    In response to paragraph 97 of the Complaint, Defendants deny the allegations.

98.    In response to paragraph 98 of the Complaint, Defendants deny the allegations.

99.    In response to paragraph 99 of the Complaint, Defendants deny the allegations.

100.   In response to paragraph 100 of the Complaint, Defendants deny the allegations.

101.   In response to paragraph 101 of the Complaint, Defendants deny the allegations.

102.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

103.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

104.   In response to paragraph 104 of the Complaint, Defendants admit the allegations.

105.   In response to paragraph 105 of the Complaint, Defendants deny the allegations.

106.   In response to paragraph 106 of the Complaint, Defendants deny the allegations.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint, and, therefore, leave Plaintiffs to their proofs with respect thereto.

108.   In response to paragraph 108 of the Complaint, Defendants deny the allegations.

109.   In response to paragraph 109 of the Complaint, Defendants deny the allegations.

110.   In response to paragraph 110 of the Complaint, Defendants deny the allegations.

111.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

112.  In response to paragraph 112 of the Complaint, Defendants deny the allegations.

113.  In response to paragraph 113 of the Complaint, Defendants deny the allegations.

114.  In response to paragraph 114 of the Complaint, Defendants deny the allegations.

115.  In response to paragraph 115 of the Complaint, Defendants deny the allegations.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

116.  In response to paragraph 116 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 115 above.

117.  In response to paragraph 117 of the Complaint, no response is required as the paragraph avers conclusions of law.

118.  In response to paragraph 118 of the Complaint, Defendants deny the allegations.

119.  In response to paragraph 119, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### SECOND CLAIM FOR RELIEF

120.  In response to paragraph 120 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 119 above.

121.  In response to paragraph 121 of the Complaint, Defendants deny the allegations.

122.  In response to paragraph 122 of the Complaint, Defendants deny the allegations.

123.  In response to paragraph 123, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### THIRD CLAIM FOR RELIEF

124.    In response to paragraph 124 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 123 above.

125.    In response to paragraph 125 of the Complaint, Defendants deny the allegations.

126.    In response to paragraph 126 of the Complaint, Defendants deny the allegations.

127.    In response to paragraph 127, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### FOURTH CLAIM FOR RELIEF

128.    In response to paragraph 128 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 127 above.

129.    In response to paragraph 129 of the Complaint, Defendants deny the allegations.

130.    In response to paragraph 130 of the Complaint, Defendants deny the allegations.

131.    In response to paragraph 131, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### FIFTH CLAIM FOR RELIEF

132.    In response to paragraph 132 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 131 above.

133.    In response to paragraph 133 of the Complaint, Defendants deny the allegations.

134.    In response to paragraph 134 of the Complaint, Defendants deny the allegations.

135.    In response to paragraph 135, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### SIXTH CLAIM FOR RELIEF

136.   In response to paragraph 136 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 135 above.

137.   In response to paragraph 137 of the Complaint, Defendants deny the allegations.

138.   In response to paragraph 138 of the Complaint, Defendants deny the allegations.

139.   In response to paragraph 139, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## SEVENTH CLAIM FOR RELIEF

140.   In response to paragraph 140 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 139 above.

141.   In response to paragraph 141 of the Complaint, Defendants deny the allegations.

142.   In response to paragraph 142 of the Complaint, no response is required as the paragraph avers conclusions of law.  To the extent that paragraph 142 of the Complaint contains factual allegations, Defendants deny the same and demand strict proof thereof.

143.   In response to paragraph 143, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## EIGHTH CLAIM FOR RELIEF

144.   In response to paragraph 144 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 143 above.

145.   In response to paragraph 145 of the Complaint, no response is required as the paragraph avers conclusions of law.

146.   In response to paragraph 146 of the Complaint, Defendants deny the allegations.

147.   In response to paragraph 147 of the Complaint, Defendants deny the allegations.

148.    In response to paragraph 148, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## NINTH CLAIM FOR RELIEF

149.    In response to paragraph 149 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 148 above.

150.    In response to paragraph 150 of the Complaint, no response is required as the paragraph avers conclusions of law.

151.    In response to paragraph 151 of the Complaint, Defendants deny the allegations.

152.    In response to paragraph 152 of the Complaint, Defendants deny the allegations.

153.    In response to paragraph 153, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## TENTH CLAIM FOR RELIEF

154.    In response to paragraph 154 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1 through 153 above.

155.    In response to paragraph 155 of the Complaint, Defendants deny the allegations.

156.    In response to paragraph 156 of the Complaint, Defendants deny the allegations.

157.    In response to paragraph 157 of the Complaint, Defendants deny the allegations.

158.    In response to paragraph 158, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable Statute of Limitations.

## NINTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law or under New York common law.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

## TWELFTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or New York law.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any work week during the period of time they were employed in a non-exempt capacity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or the damages they may recover, are barred or at least reduced by their failure to mitigate damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs to the extent the Department of Labor has already investigated and issued a determination or otherwise resolved any prior claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs previously received compensation for their alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to his hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiffs.

WHEREFORE, Defendants pray for judgment as follows:

A.    That the Complaint be dismissed with prejudice, together with the costs and

disbursements of this action; and

B.    For such other relief as this Court may deem just and proper.

Dated:    New York, New York
          February 8, 2008

                              FOX ROTHSCHILD LLP
                              *Attorneys for Defendants*

                              */s/ Carolyn D. Richmond*
                              By:  Carolyn D. Richmond (CR-0993)
                              100 Park Avenue, Suite 1500
                              New York, New York 10017
                              (212) 878-7983

## CERTIFICATE OF SERVICE

CAROLYN D. RICHMOND, an attorney admitted to practice in this Court, hereby states

that on February 8, 2008, I caused a true and correct copy of the foregoing Defendants' Answer

And Affirmative Defenses To The Complaint to be filed with the Clerk of the District Court

using the CM/ECF system, which sent notification of such filing to the following:

WASHINGTON SQUARE LEGAL SERVICES, INC.    URBAN JUSTICE CENTER
Haeyoung Yoon, Esq. (HY-8962)    Molly Biklen, Esq. (MB-3491)
245 Sullivan Street, 5th Floor    123 William Street, 16th Floor
New York, NY 10012    New York, NY 10038
Tel: 212-998-6430    Tel: 646-459-3008
Fax: 212-995-4031    Fax: 212-533-4598

*/s/ Carolyn D. Richmond*
Carolyn D. Richmond (CR-0993)